José Américo Piazza Olaya, Appellant, *v.* The Registrar of Property of San Germán, Respondent.

No. 1314.   Submitted March 1, 1955.—Decided June 18, 1956.

*Luis López de Victoria* for appellant.   The Registrar appeared by brief.

Mr. Justice Belaval delivered the opinion of the Court.

In deed No. 35 of April 8, 1922 which was executed before José Tous Soto, a notary of Ponce, Pedro Olivari Mattei assigned to his ex-wife Luisa Olivari Olivari all the rights and shares in a specific property belonging to the conjugal partnership by reason of their marriage.   On October 22, 1923, the Registrar of Property of San Germán recorded said assignment at page 174 of Vol. 50 of Yauco, property No. 109, triplicate, twelfth entry, but stated that said entry was made subject to the liquidation of the property belonging to the conjugal partnership between them.

Petitioner applied for the cancellation of the curable defect on March 8, 1954, pursuant to § 388 D of the Mortgage Law, added by Act No. 20 of July 9, 1936, as subsequently amended—30 L.P.R.A. 859 § 706—and the Registrar denied it "because it failed to establish that the conjugal partnership existing between Luisa Olivari Olivari and Pedro Olivari Mattei had been liquidated, pursuant to the ruling of the Supreme Court of Puerto Rico in the case of *Francisco Olivencia* v. *The Registrar of Property of San Germán*, 64 P.R.R. 207."

██ The case of *Olivencia* v. *Registrar, supra*, was based on our former decisions in *Pérez* v. *Registrar*, 62 P.R.R. 760 and in *Méndez* v. *Registrar*, 63 P.R.R. 212, which were overruled by our decisions in the case of *Alameda* v. *Registrar*, 76 P.R.R. 216 (1954). Therefore, the *Olivencia* case must be likewise considered overruled with respect to the ground of refusal invoked by the respondent.

In the case of *Alameda* v. *Registrar, supra*, we established the rule now prevailing, to the effect that:

"After making an exhaustive review of the corresponding institution of law, we believe that it tends to protect the spouses' rather than the creditors' rights; that insofar as former creditors who are not secured are concerned, their rights may not be greater, or better guaranteed during the liquidation of the conjugal partnership than during the existence of the partnership and that our former ruling in *Pérez* v. *Registrar*, 62 P.R.R. 760, 765, is not buttressed either by our civil law or by our mortgage law; that if no affirmative action is taken by such former creditors who are not secured, before the corresponding judicial authorities, the Registry of Property has no basis to presume the existence of such creditors, in order to bar the joint action of two divorced spouses to carry out those alienations which are necessary for the formal liquidation or the informal disposition of the property belonging to them; that in the majority of divorce cases the property subject of liquidation does not warrant the additional expenses of a formal liquidation and that it should be presumed, in the absence of affirmative acts on the part of the former creditors who are

not secured, and which are entered in the Registry, that the two divorced spouses are the only parties really interested in the liquidation and therefore, that they may jointly agree to alienate their rights in the partnership."

Subsequently, we again affirmed said ruling in the case of *Piazza* v. *Registrar*, 78 P.R.R. 288 (1955).

The decision will be reversed and the registrar is ordered to cancel the defect sought by petitioner in this case.